UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

"IN ADMIRALTY"

Case No.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, as subrogee and as attorney-in-fact,**

　　　　Plaintiff

V.

**M/Y BLUEOCEAN**, her engines, tackle, and other appurtenances, <u>in rem</u>, and **MYI INTERNATIONAL, LLC** d/b/a **FLORIDA YACHTS INTERNATIONAL**, *in personam*,

　　　　Defendants.
_____/

VERIFIED COMPLAINT *IN REM*

　　　　Plaintiff, National Union Fire Insurance Company of Pittsburgh PA, as subrogee and as attorney-in-fact of Beach Maritime, LLC ("National Union"), sues Defendants, M/Y BLUEOCEAN, her engines, tackle, and other appurtenances, <u>in rem</u>, ("M/Y BLUEOCEAN"), and MYI International LLC d/b/a Florida Yachts International, *in personam*, ("Florida Yachts") and alleges:

　　　　1. At all times mentioned, National Union was, and still is, a corporation organized and existing in business as an insurance company insuring, in part, recreational vessels.

　　　　2. Florida Yachts is a Florida limited liability company

situated in Miami, Florida, and which at all material has owned M/Y BLUEOCEAN.

3. M/Y BLUEOCEAN is a 86 foot 2010 motor yacht manufactured by Aicon with USCG Doc. No. 1254178. M/Y BLUEOCEAN is now, or during the pendency of this action will be, within this district.

4. This is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h). This Court retains subject matter jurisdiction pursuant to 28 U.S.C.A. §1333.

5. On or about February 15, 2017, M/Y BLUEOCEAN was docked at slip E21 at the Miami Beach Marina, which is on a navigable waterway, the Intercoastal Waterway, and off of Government Cut.

6. On the slip adjacent to MY BLUEOCEAN, slip E20, was the Motor Yacht NIRVANA, a 2005 105 ft manufactured by Rodman Polyships ("M/Y NIRVANA").

7. The M/Y NIRVANA and its Owner, Beach Maritime, LLC, were insured by National Union pursuant to terms and conditions of Recreational Marine Policy No. 045779732.

8. At all material times, the M/Y NIRVANA was properly docked and moored at her assigned slip.

9. On February 5, 2017, as the M/Y BLUEOCEAN was on the move while either departing or entering her slip at the Miami Beach Marina, she lost control, hit the M/Y NIRVANA and, as well,

collided with stationary objects, the double dolphin piling on her starboard side.  As a result, the pilings knocked over into the port bow of the M/Y NIRVANA causing damage to the port side hull, the starboard side stern swim platform, and other parts.

10. At the time of the incident, the M/Y BLUEOCEAN was under the command of a captain either appointed by Florida Yachts or with its express permission. As such, the negligence of the Captain in the operation of the M/Y BLUEOCEAN is imputed to Florida Yachts.

11. For the damage caused by the M/Y BLUEOCEAN, National Union's subrogor filed a claim for damages, representing the repair of the M/Y NIRVANA.  For the claim, National Union paid its subrogor the amount of $451,530.88 and become subrogated to the extent of payments made.  Attached hereto as Exhibit "A" is a true and correct copy of the Subrogation Receipt.

## COUNT I

National Union reiterates and realleges its allegation contained in paragraphs 1 through 11 and further states:

12. At all material times, Florida Yachts owed a duty to navigate the M/Y BLUEOCEAN with due care and good seamanship and in a safe and seaworthy manner and otherwise exercise reasonable care under the circumstances.

13. Florida Yachts breached that duty by losing navigational control and colliding with two stationary objects that

were pushed into the M/Y NIRVANA.

14. The allision with the M/Y NIRVANA and with the pilings and subsequent damage inflicted on the M/Y NIRVANA were not caused or contributed by any fault of National Union's subrogor but were caused solely by, and due wholly to the fault and negligence of Florida Yachts and of the persons in charge of the M/Y BLUEOCEAN, in that there was a failure to exercise good seamanship and care in the movement of the M/Y BLUEOCEAN while entering or departing the docking slip that was assigned to her.  The failure of Florida Yachts and those in charge of M/Y BLUEOCEAN to exercise proper care in this respect was the direct and proximate cause of the damage to M/Y NIRVANA.

15. As a result of the breach, National Union has been damaged. In spite of demand on Florida Yachts, none of the damages suffered have been paid by Florida Yachts.

WHEREFORE, Plaintiff, National Union Fire Insurance Company of Pittsburgh PA, respectfully requests that judgment for damages in the amount of $451,530.88, or such other damages as are established, be entered in its favor and against Defendant, MYI International, LLC d/b/a Florida Yachts International, plus interests and costs of Court.

In addition, Plaintiff requests that process in rem according to the practices of this Honorable Court in cases of admiralty and maritime jurisdiction issue against the M/Y

BLUEOCEAN, her engines, tackle, and other appurtenances, and that it be arrested and condemned and sold to satisfy National Union's damages as alleged above, with interest and costs; that all persons claiming any interest in the M/Y BLUEOCEAN be required to appear and answer this complaint; that final judgment be entered for National Union and against M/Y BLUEOCEAN for the full amount of National Union's damages, with interest and costs; and that National Union have such other and further relief as to the court seems just and proper.

*Alvaro L. Mejer*
Alvaro L. Mejer
Fla Bar No. 222623
MEJER LAW, P.A.
Sun Trust Plaza / Suite 504
201 Alhambra Circle
Coral Gables, Florida 33134
Telephone (305) 444-3355
Telefax (305) 442-4300
E-mail: amejer@mejerlaw.com
Alvaromejer@gmail.com
Annie@mejerlaw.com

## **VERIFICATION**

I, Alvaro L. Mejer, Esq. state that a corporate officer of Plaintiff is not within this District. The source of my knowledge comes from survey and incident reports. After the incident mentioned in the Complaint occurred, National Union Fire Insurance Company of Pittsburgh, PA appointed a marine surveyor, James McCrory, to determine the cause of the loss and to approve the amounts being charged for the repair of the vessel. The document affirmed is true to the best of my knowledge, and/or information and belief.  I am authorized to make this representation on Plaintiff's behalf and the verification is not made by a party or corporate office as none are in the District.

I, Alvaro L. Mejer, pursuant to 28 U.S.C.A. §1746, declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of June, 2018, at Coral Gables, Florida

National Union Fire Insurance Company of Pittsburgh PA

By *Alvaro L. Mejer*
Alvaro L. Mejer, Esq., as attorney of record.